**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DAVID WAYNE LOMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1785-SLP** |
| | ) | |
| **GENTNER DRUMMOND, Attorney General of the State of Oklahoma,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner David Wayne Loman, through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), seeking to prohibit the District Court of Jefferson County, Oklahoma, from trying him a second time allegedly in violation of his Fifth Amendment rights against double jeopardy. Doc. 1. Currently before the Court is Petitioner's Application for a Stay or Preliminary Order Enjoining Further Jefferson County CF-2022-52 State Court Proceedings Pending Ruling on the Meri[t]s of this 2241 Petition ("Application"). Doc. 20.

For the reasons set forth below, the undersigned recommends that the Court grant the Application and stay the criminal proceedings in Case No. CF-2022-52 in the District Court of Jefferson County, Oklahoma, until the Court addresses the Petition.

## I. Discussion

### A. Procedural History

On February 23, 2026, the Jefferson County district court began a jury trial in case CF-2022-52, but declared a mistrial the next day. Pet. at 7-9; Doc. 20-1 at 1. Petitioner

sought an order from the Oklahoma state courts prohibiting continued prosecution based on double jeopardy principles. Pet. at 10. The Jefferson County district court denied relief. Doc. 1-2. The Oklahoma Court of Criminal Appeals also denied relief on the procedural ground that Petitioner failed to file the transcript of the trial. Doc. 1-1 at 3 (denying relief and "tak[ing] no position on whether the outcome of this case would change had the transcript been timely filed").

As such, Petitioner faces a second trial in state court, which is currently set to begin September 14, 2026. Doc. 20 at 1; Doc. 20-1 at 2. On July 14, 2026, Petitioner filed his Petition in this Court. On August 11, 2026, Petitioner's trial counsel requested the Jefferson County district court stay the second trial, which request was denied. Doc. 20 at 1-2; Doc. 20-1. The Assistant District Attorney of Jefferson County did not object to the proposed stay or motion to continue the trial. Doc. 20 at 1; Doc. 20-1 at 1.

The undersigned recently found good cause shown and granted Respondent's motion, Doc. 18, for an extension of time to respond to the Petition. Doc. 19. The response is now due not later than September 14, 2026. *Id*. Petitioner did not oppose Respondent's request for an extension "so long as this Court enters a stay of Petitioner's ongoing state criminal trial proceedings." Doc. 18 at 3. The Application seeks a "joint stay or an order enjoining" further state proceedings against Petitioner. Doc. 20 at 3.[1]

[1] Upon the Court's order, Doc. 21, Respondent confirmed that he does not oppose Petitioner's Application. Doc. 22 at 3 ("Ultimately, Respondent does not object to Petitioner's request for a brief stay of state criminal trial proceedings. Respondent finds Petitioner's request for a stay appropriate in this limited circumstance, so that this Court may first adjudicate the present Petition and pertinent double jeopardy claim.").

**B. Abstention**

"Absent unusual circumstances, a federal court is not permitted to intervene in ongoing state criminal proceedings." *Walck v. Edmondson*, 472 F.3d 1227, 1232 (10th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 54 (1971)). This abstention doctrine stems from "the limited nature of equity jurisdiction and the belief that our federal system operates most effectively when the states and their political subdivisions are left alone." *Id.* (citing *Younger*, 401 U.S. at 43-44). Under the abstention doctrine set forth in *Younger*, a federal court should abstain from the exercise of its jurisdiction when three requirements are met. *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).[2] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

The Tenth Circuit has concluded that a colorable claim of double jeopardy is one such extraordinary circumstance. *Walck*, 472 F.3d at 1233. In so ruling, the Tenth Circuit considered both that "the *Younger* abstention doctrine is inapplicable where irreparable

---

[2] The requirements are:

1. there is an ongoing state criminal, civil, or administrative proceeding,
2. the state court provides an adequate forum to hear the claims raised in the federal complaint, and
3. the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Chapman*, 472 F.3d at 749 (citation modified).

injury can be shown," and that "a threat to an individual's federally protected rights constitutes irreparable injury where the threat cannot be eliminated by defense against a single criminal prosecution." *Id.* (citation modified). Relying on the Supreme Court's discussion in *Abney v. United States*, 431 U.S. 651 (1977), the Tenth Circuit concluded "it is clear that federal intervention is justified where prospective state prosecutions run afoul of the Double Jeopardy Clause." *Id.* Ultimately, the Tenth Circuit held "*Younger* abstention is unwarranted where a criminal accused presents a colorable claim that a forthcoming second state trial will constitute a violation of [his] double jeopardy rights." *Id.* at 1234; *see also Walck v. Edmondson*, No. CIV-05-430-R, 2005 WL 1356481, at *1-2 (W.D. Okla. June 7, 2005) (collecting cases) (R&R), *adopted*, 2005 WL 1860297 (W.D. Okla. Aug. 3, 2005), *aff'd*, 472 F.3d 1227 (10th Cir. 2007).

**C. Double jeopardy**

The Fifth Amendment provides that "no person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V (citation modified).[3] Jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 38 (1978). Further, "the prohibition is not against being twice punished, but against being twice put in jeopardy." *Ball v. United States*, 163 U.S. 662, 669 (1896)

[3] The prohibition against double jeopardy is found in the Fifth Amendment, which applies only to federal action. *See Walck*, 2005 WL 1356481, at *3 (citing *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir.1997)). Though Petitioner faces a second prosecution in state court, the double jeopardy prohibition has been incorporated into the Fourteenth Amendment's Due Process Clause. *Id.* (citing *Benton v. State of Maryland*, 395 U.S. 784, 794 (1969)). As such, the prohibition applies to both state and federal prosecutions.

(citation modified). As such, "it is not . . . essential that a verdict of guilt or innocence be returned for a defendant to have once been placed in jeopardy so as to bar a second trial on the same charge." *Green v. United States*, 355 U.S. 184, 188 (1957). As the Supreme Court has explained:

> Because jeopardy attaches before the judgment becomes final, the constitutional protection also embraces the defendant's "valued right to have his trial completed by a particular tribunal." The reasons why this "valued right" merits constitutional protection are worthy of repetition. Even if the first trial is not completed, a second prosecution may be grossly unfair. It increases the financial and emotional burden on the accused, prolongs the period in which he is stigmatized by an unresolved accusation of wrongdoing, and may even enhance the risk that an innocent defendant may be convicted. The danger of such unfairness to the defendant exists whenever a trial is aborted before it is completed. Consequently, as a general rule, the prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial.

*Arizona v. Washington*, 434 U.S. 497, 503-505 (1978) (citation modified).

The declaration of a mistrial in a criminal prosecution frustrates the defendant's right to have his trial completed by a particular tribunal. *Walck*, 472 F.3d at 1236 (citing *Washington*, 434 U.S. at 505). In such instance, "the prosecution must overcome a heavy burden in justifying a mistrial over the defendant's objection if the double jeopardy bar is to be avoided." *Id.* (citing *Washington*, 434 U.S. at 505).

### D. Petitioner's claim

Here, Petitioner asserts the Jefferson County Associate District Judge declared a mistrial in his criminal proceedings at the request of the State and he, "by and through counsel, attempted to timely object to any mistrial and did not consent." Pet. at 9. Petitioner alleges the jury trial began on February 23, 2026, and the mistrial was declared

the next day after alleged errors by Petitioner's counsel during opening statements and cross-examination of a witness. *Id*. at 7-9. As such, Petitioner alleges (1) jeopardy had attached in the criminal proceeding, (2) a mistrial was then declared (3) without his consent, and (4) he now faces a second criminal proceeding. Based on these allegations, Petitioner has presented a colorable claim of double jeopardy. *See Walck*, 472 F.3d at 1236 (finding the double jeopardy bar applicable when the defendant "objected to, and was not complicit in, the mistrial declaration, which occurred after the jury was empaneled and sworn"); *id*. at 1241 (finding "the mistrial declaration in this case patently implicates the policies of the Double Jeopardy Clause" when the "trial was discontinued after the jury had been sworn and two witnesses had been heard" (citation modified)).

As Respondent has not yet responded to the Petition, it is premature to attempt to discern whether he has met the heavy burden required to avoid the double jeopardy bar. *See Walck*, 472 F.3d at 1236 ("That heavy burden is this: the prosecution must demonstrate 'manifest necessity' for any mistrial." (quoting *Washington*, 434 U.S. at 505)).[4] The response is due the same day Petitioner's second criminal proceeding is scheduled to begin. As such, the Court will be unable to determine the merits of Petitioner's habeas claims before Petitioner is subject to a prospective state prosecution that he alleges would run afoul of the Double Jeopardy Clause.

It is therefore clear that "federal intervention is justified." *Id.* at 1233. At this juncture, a stay of the upcoming state court criminal proceedings is appropriate. As

[4] It is also premature to consider any applicable procedural defenses Respondent may raise.

explained by the Supreme Court, "obviously," the protections provided by the Double Jeopardy Clause "would be lost if the accused were forced to 'run the gauntlet' a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit." *Abney*, 431 U.S. at 662. Simply put, if Petitioner "were to face a new trial in violation of the Double Jeopardy Clause, no court could ever undo the constitutional transgression." *Walck*, 2005 WL 1356481, at *2 (citing *Abney*, 431 U.S. 660-62).

In similar circumstances, courts "have repeatedly held that intervention in ongoing state proceedings may be appropriate to avoid a double jeopardy violation," and issued writs of habeas corpus and enjoined further state court proceedings. *Id.* (collecting cases). Here, the same rationale merits a stay of the state court proceedings until the Court can address the Petition. Unless the Court intervenes, Petitioner may "be forced to 'endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense' in violation of [his] constitutional rights." *Walck*, 472 F.3d at 1234 (quoting *Abney*, 431 U.S. at 661). "And although notions of comity and federalism carry heavy weight in our system of government, such notions do not mean that the federal courts must sit idly by while 'the rights conferred on a criminal accused by the Double Jeopardy Clause [may be] significantly undermined.'" *Id.* (quoting *Abney*, 431 U.S. at 660).

Accordingly, the undersigned recommends granting the Application and entering a stay of the criminal proceedings in Case No. CF-2022-52 in the District Court of Jefferson County, Oklahoma, until the Court addresses the Petition.

## II. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **grant the Application and enter a stay of the criminal proceedings in Case No. CF-2022-52 in the District Court of Jefferson County, Oklahoma**. Additionally, to facilitate expeditious review of the Petition, the undersigned recommends **shortening the filing time for Petitioner's reply to Respondent's response from 30 days to 14 days**. *See* Doc. 8 ("If Respondent files an answer or other response, Petitioner may file a reply within 30 days from the filing date.").

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. As Respondent does not oppose the Application, a shortened objection time is warranted and any objection must be filed with the Clerk of Court **not later than August 24, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 19th day of August, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE