**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DAVID WAYNE LOMAN,<br><br>Petitioner,<br><br>v.<br><br>GENTNER DRUMMOND, Attorney General of the State of Oklahoma,[1]<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1785-SLP |

**O R D E R**

Petitioner David Wayne Loman, proceeding with counsel, filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on July 14, 2026 [Doc. No. 1], seeking to prohibit the District Court of Jefferson County, Oklahoma, from trying him a second time allegedly in violation of his Fifth Amendment rights against double jeopardy. *Id.* Currently before the Court is Petitioner's Application for a Stay or Preliminary Order Enjoining Further Jefferson County CF-2022-52 State Court Proceedings Pending Ruling on the Meri[t]s of this 2241 Petition. [Doc. No. 20]. United States Magistrate Judge Chris M. Stephens entered a Report and Recommendation [Doc. No. 23] (R&R) recommending the Court grant the Application and enter a stay of criminal proceedings in Case No. CF-2022-52 in the District Court of Jefferson County, Oklahoma. *Id.* at 8. The Magistrate Judge

[1] In his Petition, Petitioner erroneously names Dennis Gay, Associate District Judge for Jefferson County, as the Respondent. The Court therefore substitutes Gentner Drummond, Attorney General of the State of Oklahoma, in as the appropriate Respondent. *See* [Doc. No. 18] n. 1.

further recommended shortening the filing time for Petitioner's reply to Respondent's response from 30 days to 14 days. *Id.*

The Magistrate Judge advised the parties of their right to object to the R&R and directed any objections to be filed on or before August 24, 2026. *Id.* The Magistrate Judge further advised the parties that any failure to object would waive their right to appellate review of the factual and legal issues addressed in the R&R. To date, no objection to the R&R has been filed nor has an extension of time in which to object been sought or granted.[2] Therefore, the Court finds that Petitioner has waived further review of all issues addressed in the R&R. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

Upon review, the Court concurs with the analysis set forth in the R&R. As set forth in *Walck v. Edmondson*, "[a]bsent unusual circumstances, a federal court is not permitted to intervene in ongoing state criminal proceedings." 472 F.3d 1227, 1232 (10th Cir. 2007) (*citing Younger v. Harris*, 401 U.S. 37 (1971)). However, the R&R correctly highlights that in *Walck*, the Tenth Circuit concluded that a colorable claim of double jeopardy is one such extraordinary circumstance. *Id.* at 1234. ("*Younger* abstention is unwarranted where a criminal accused presents a colorable claim that a forthcoming second state trial will constitute a violation of [his] double jeopardy rights.") (relying on *Abney v. United States*,

[2] On August 18, 2026, Respondent informed the Court that he did not oppose Petitioner's Stay Application [Doc. No. 22].

431 U.S. 651 (1977)). And in this case, Petitioner has presented a colorable claim for double jeopardy.[3]

IT IS THEREFORE ORDERED that the R&R [Doc. No. 23] is ADOPTED in its entirety. Petitioner's Application for a Stay or Preliminary Order Enjoining Further Jefferson County CF-2022-52 State Court Proceedings Pending Ruling on the Meri[t]s of this 2241 Petition [Doc. No. 20] is GRANTED. The criminal proceedings in Case No. CF-2022-52 in the District Court of Jefferson County, Oklahoma, are STAYED pending the resolution of Petitioner's Petition [Doc. No. 1].

IT IS SO ORDERED this 25th day of August, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[3] Petitioner alleges (1) jeopardy had attached in the criminal proceeding, (2) a mistrial was then declared (3) without his consent, and (4) he now faces a second criminal proceeding. *See* [Doc. No. 1].