**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DAVID WAYNE LOMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1785-SLP** |
| | ) | |
| **GENTNER DRUMMOND, Attorney General of the State of Oklahoma,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner David Wayne Loman, through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), seeking to prohibit the District Court of Jefferson County, Oklahoma, from trying him a second time allegedly in violation of his Fifth Amendment right against double jeopardy. Doc. 1. Chief United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondent filed a Response and the state court record, and Petitioner filed a Reply. Docs. 25, 26, 27, 29, 30. For the reasons set forth below, the undersigned recommends that the Court deny the Petition.

## I. Discussion

In addition to addressing the merits of the Petition, Respondent presents procedural defenses that (1) the Petition should be dismissed because Petitioner failed to exhaust his state court remedies, and (2) the Petition should be denied because it is procedurally barred. Doc. 25 at 17-26. The undersigned recommends denying the Petition on the grounds that it is procedurally barred.

**A. Procedural history**

On February 23, 2026, the Jefferson County district court began a jury trial in case CF-2022-52, but declared a mistrial the next day. Doc. 1 at 7-9. On February 27, 2026, Petitioner sought extraordinary relief in the form of a writ of prohibition or writ of mandamus, seeking to prohibit continued prosecution based on double jeopardy principles. Doc. 1 at 10; Doc. 25-2. The Oklahoma Court of Criminal Appeals ("OCCA") denied relief, relying on Petitioner's failure to timely file the transcript of the trial. Doc. 1-1 at 3.

The OCCA explained that "Petitioner's motion to dismiss on double jeopardy grounds was denied by the District Court [of Jefferson County] in an order filed on February 26, 2026." *Id.* at 2. Citing Rule 10.1(C), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App., the OCCA further explained "in matters involving extraordinary writs, it is Petitioner's responsibility to ensure the record is filed with the Clerk of this Court." *Id.* (citation modified). The OCCA cited the Rule's requirement that "in order to seek relief, the record, to include the original transcript of any proceeding conducted on the petition, shall be filed by Petitioner within thirty (30) days from the date the trial court's order is filed in the District Court." *Id.* (citation modified). "The record, including the transcript of the partial jury trial, was due no later than March 30, 2026." *Id.* at 2-3. However, because Petitioner did not file the transcript until March 31, 2026, the OCCA determined "it was untimely and not a proper part of the record before us." *Id.* at 3. Accordingly, the OCCA concluded "in the absence of the transcript Petitioner has failed to . . . make the requisite showings necessary to obtain extraordinary relief." *Id.* The

OCCA denied both the petition for writ of prohibition and the petition for writ of mandamus. *Id.*

**B. Procedural bar doctrine**

Though a federal court may have the authority to entertain an application for writ of habeas corpus, it may not always be appropriate to do so. *Francis v. Henderson*, 425 U.S. 536, 538-39 (1976). Federal habeas review is "guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism [including] the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

"It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Cone v. Bell*, 556 U.S. 449, 465 (2009) (citation modified). This "independent and adequate state ground doctrine" "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (2009). "When a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." *Cone*, 556 U.S. at 465 (citation modified).

The Supreme Court has explained why the independent and adequate state ground doctrine is so important to federal habeas review:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.
>
> When the independent and adequate state ground supporting a habeas petitioner's custody is a state procedural default, an additional concern comes into play. This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights. . . .
>
> . . .
>
> These same concerns apply to federal claims that have been procedurally defaulted in state court. Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. . . . The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Coleman*, 501 U.S. at 730-32 (citation modified); *see also id.* at 750 (recognizing "the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them"); *Wainwright v. Sykes*, 433 U.S. 72, 83 (1977) (explaining a federal habeas court's recognition of a state procedural bar is "a matter of comity").

"In order for federal habeas claims to be procedurally barred, the state procedural grounds relied upon for the bar must be independent of federal law and adequate." *Gonzales v. Jordan*, 37 F. App'x 432, 434 (10th Cir. 2002). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural default is "adequate" if it is "strictly or regularly followed and applied evenhandedly to all similar claims." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (citation modified).

**C. Overcoming a procedural bar**

Petitioner does not challenge Respondent's assertion that his claim for relief is procedurally barred. Doc. 30 at 3 ("After that acknowledgment of the federal constitutional issue, the OCCA denied based on a procedural issue not having the complete transcript in violation of 10.1(C)."); *see also id.* at 3-5. Nor does he challenge that the procedural bar doctrine applies to § 2241 petitions. *Id.* at 3-5; *see also Gonzales*, 37 F. App'x at 434 (holding the procedural bar doctrine applies to § 2241 habeas petitions). Nor does Petitioner challenge that the OCCA's Rule 10.1(C) is an independent and adequate state procedural bar. Doc. 30 at 3-5; *see also Hamm v. Saffle*, 300 F.3d 1213, 1217 (10th Cir. 2002) (finding Rule 10.1(C) to be an independent and adequate state ground); *Gonzales*, 37 F. App'x at 435-36 (same).[1]

[1] In its opinion, the OCCA also cited Petitioner's burdens set forth in Rule 10.6(A)-(B), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. Doc. 1-1 at 3. Though neither party addressed it, the requirements in Rule 10.6(A)-(B) are also independent and adequate state grounds barring federal habeas review. *See Lay v. Mullin*, No. CIV-05-377-RAW, 2008 WL 199872, at *3 (E.D. Okla. Jan. 22, 2008) (finding habeas review barred when the petitioner's mandamus action was denied for failure to comply

Petitioner does, however, assert that he can overcome procedural default. Doc. 30 at 3-5. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

**1. Cause and prejudice**

"Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (citation modified). "For example, a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Coleman*, 501 U.S. at 753 (citation modified). Here, Petitioner attempts to establish cause by arguing:

> In this case, the court reported [sic] completed the transcript Respondent stated [sic] on March 23, 2026; however, nearly two years earlier the Jefferson County Court sealed the on demand court records/Oklahoma Supreme Court Network link in this case . . . Petitioner had no way to know that the transcript to access it [sic] and did not receive notice of the filing. When counsel received the completed transcript on the thirtieth day it was too late in the day for counsel to file in person at the appellate court, but counsel filed on day thirty-one.

---

with Rule 10.6(B) and Rule 10.1(C), as "the OCCA's procedural requirements are independent and adequate state grounds barring federal habeas review").

Doc. 30 at 4.

Petitioner's assertion does not establish cause. Petitioner does not state he had reason to believe he would receive notice of the filing or that receiving such notice was the only possible way to know the transcript had been completed and filed. Similarly, he does not allege there was no feasible way to check the status of the transcript other than relying on the "on demand court records/Oklahoma Supreme Court Network link" that he knew had been sealed for nearly two years. But Petitioner was (or should have been) aware that he had a 30-day deadline for filing the transcript. As such, Petitioner should have recognized the need to check on the status of the transcript (for instance, by calling the court reporter) or to otherwise track its completion and filing (for instance, by calling the office of the court clerk). It also appears the transcript was completed a full week before the filing deadline. Petitioner, though, does not indicate he checked on its filing during that time but was somehow prevented from learning it was completed and available for filing with the OCCA.

At most, Petitioner's assertion establishes attorney error. "Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Indeed, "attorney ignorance or inadvertence is not cause because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." *Coleman*, 501 U.S. at 753 (citation modified); *accord Maples*, 565 U.S. at 280-81 (explaining that attorney negligence does not qualify as cause and when an

attorney misses a deadline, "the petitioner is bound by the oversight and cannot rely on it to establish cause).

Further, because there is no constitutional right to counsel for collateral proceedings, Petitioner cannot (and does not) present a claim that his counsel was constitutionally ineffective. Doc. 30 at 3-5; *see Coleman*, 501 U.S. at 752 ("There is no constitutional right to an attorney in state post-conviction proceedings."). As such, Petitioner has not established cause. *See Maes v. Thomas*, 46 F.3d 979, 987 (10th Cir. 1995) (finding the petitioner had not demonstrated cause when his assertion of cause was "not an appropriate external factor" and he "ha[d] made no suggestion that his counsel's actions constituted ineffective assistance of counsel"). And because Petitioner has not established cause, it is unnecessary to consider whether he has shown actual prejudice. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) ("The 'cause and prejudice' exception is conjunctive, requiring proof of both cause *and* prejudice.").

**2. Miscarriage of justice**

Petitioner alternatively argues that he can overcome the procedural default because "denying this claim would be a miscarriage of injustice [sic] as Petitioner has always maintained his innocence and the trial court curtailed his ability to prove that by the unnecessary call for a mistrial." Doc. 30 at 4. "Even if a state prisoner cannot meet the cause and prejudice standard, a federal court may hear the merits of the successive claims if the failure to hear the claims would constitute a 'miscarriage of justice.'" *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (citation modified). The miscarriage of justice exception is "narrow" in scope, *id.* at 340, is "rare," *McQuiggin v. Perkins*, 569 U.S. 383,

386 (2013), and applies only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray v. Carrier*, 477 U.S. 478, 496 (1986). *See also McQuiggin*, 569 U.S. at 392 ("A credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief. This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." (citation modified)).

Application of the exception requires a credible showing of actual innocence—not simply an assertion that a petitioner has always maintained his innocence. The undersigned recognizes Petitioner's argument that denying him habeas relief "would subject him to a second trial in violation of his rights under the Double Jeopardy Clause and he has no other remedy." Doc. 30 at 4. But such argument does not meet the high threshold of actual innocence required to establish a fundamental miscarriage of justice.[2]

---

[2] To the extent Petitioner argues the Court can consider a different standard for establishing a fundamental miscarriage of justice in these circumstances, the argument is unavailing. *See* Doc. 30 at 4 ("In cases such as Petitioner's where the claim does not arise out of post-conviction relief procedures but out of pre-trial constitutional rights violation and the court can consider the structural constitutional error. *West v. Jordan*."); *see also West v. Jordan*, 346 F. App'x 312, 321 (10th Cir. 2009) ("The OCCA's independent state procedural bar will be adequate to preclude federal habeas review, unless West can establish cause and prejudice excusing his default, or that this court's refusal to consider these claims will result in a fundamental miscarriage of justice. . . . Additionally, the district court correctly determined that the 'fundamental miscarriage of justice' exception to the doctrine of procedural bar is inapplicable in this case because West failed to make a showing of actual innocence." (citation modified)).

In sum, Petitioner has not made a showing of actual innocence, so he has not shown that failure to consider his claim will result in a fundamental miscarriage of justice.

### D. Conclusion

Petitioner's habeas claim is subject to a procedural default, and he has failed to demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. As such, "federal habeas review of the claim[] is barred." *Coleman*, 501 U.S. at 750. Accordingly, the undersigned recommends denying the Petition, Doc. 1.

## II. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** the Petition, Doc. 1. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than October 16, 2026. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 2nd day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE